Johannes PETER, Binton
Abraham, et al.

v.

The UNITED STATES.

No. 461–82L.

United States Claims Court.

Nov. 10, 1987.

David R. Anderson, Washington, D.C., attorney of record for plaintiffs. Lloyd N. Cutler, Andrew B. Weissman, Lester Nurick, Stephen J. Schnably, Barry A. Spergel, and Wilmer, Cutler & Pickering, of counsel.

Gary B. Randall, Washington, D.C., with whom was Acting Asst. Atty. Gen. Roger J. Marzulla, for defendant. Marjorie R. Bloom, Washington, D.C., Dept. of Energy, and Howard L. Hills, Washington, D.C., JAG–USN, Legal Advisor, Dept. of State, of counsel.

## MEMORANDUM OF DECISION

HARKINS, Senior Judge:

The complaint in this case was filed on September 15, 1982. Four causes of action were alleged: (1) unlawful taking of Enewetak Atoll; (2) breach of an implied-in-fact contract that imposed upon the United States responsibilities toward the Enewetak people in the nature of a fiduciary; (3) failure to comply with the terms of

the Trusteeship Agreement; and (4) breach of agreements between the United States and the Trust Territory Government.

In the November 30, 1984, memorandum of decision, defendant's motion to dismiss was allowed with respect to plaintiffs' claims in counts I, III and IV of the complaint, and was denied with respect to the claims in count II. *Peter v. United States,* 6 Cl.Ct. 768. It was determined that plaintiffs were not barred by the statute of limitations from an offer of proof as to the origin, nature, and content of the alleged implied-in-fact contract, and that count II stated a breach of contract claim within the Tucker Act jurisdiction of this court. 28 U.S.C. § 1491(a)(1) (1982).

On March 4, 1986, defendant filed a motion to dismiss on the ground that plaintiffs' claims are non-justiciable because they now involve a political question. On November 4, 1986, defendant filed an amended motion to dismiss, adding lack of jurisdiction over the subject matter as a ground for dismissal. The parties completed briefing of the amended motions to dismiss, provided additional briefing pursuant to the April 23, 1987, order, and on August 28, 1987, oral argument was heard, concurrently with argument in the *Juda* and *Peter* cases. At the close of argument, confirmed by order August 31, 1987, a ruling was made that defendant's motions to dismiss for lack of subject matter jurisdiction would be allowed.

An extensive memorandum of decision has been filed this date in a related case, *Tomaki Juda, et al. v. United States,* 13 Cl.Ct. 667 (1987). The memorandum of decision contains an analysis of developments since March 30, 1984, in the relationship of the United States and the Republic of the Marshall Islands, and an explanation for the basis for the conclusion that the consent of the United States to be sued has been withdrawn on the claims for breach of an alleged implied-in-fact contract between the people of the Marshall Islands and the United States that arise from or are related to the nuclear testing program. The withdrawal by the United States of its consent to be sued, as set forth in the memorandum of decision in the *Juda* case, applies to plaintiffs' remaining claims in this case. Accordingly,

IT IS ORDERED: the Clerk is directed to dismiss the complaint in this case. No costs.